Francis X. Tucker, S.
This is an appeal from a pro forma tax order filed in the Ulster County Surrogate’s office on the 10th day of April, 1959 determining the estate tax payable pursuant to the provisions of the New York State Tax Law. *1099 The executors included under Schedule Gr of the return the information that the deceased conveyed real estate to several of her children without consideration and within three years of the date of her death. The first conveyance was by a deed dated December 18, 1954 and a corrected deed which was recorded on July 12, 1955. A Federal gift tax return was filed in connection with this conveyance and reflected a valuation of $47,500. The second conveyance was by deed dated December 27,1955 and recorded on December 29,1955 in the Ulster County Clerk’s office. The Federal gift tax return on this parcel reflected a valuation of $35,000.
The decedent died on June 17, 1957 at the age of 81, approximately 30 months after the execution of the first deed and 18 months after the execution of the section deed.
It is the contention of the State Tax Commission that these gifts, having been made less than three years prior to the date of the death of the decedent, should be deemed to have been made in contemplation of death and should have been included in the gross estate (Tax Law, § 249-r, subds. 3, 12). This property was not included in computing the tax as fixed by the order and the State Tax Commission appeals from that order.
It appears from the affidavits of the executor and the attending physician, filed with the tax return, and from the testimony taken that the testatrix was the owner of considerable land in the Town of Ulster, north of the City of Kingston. This had been the family farm on which the testatrix and her husband had raised a. family of seven children. After the death of her husband most of the children remained on the farm and the testatrix operated the farm with their help. No fixed salaries were paid to the members of the family.
With the growth of the area it became apparent that the best use of certain of the property would be to subdivide it into lots. The attorney for the testatrix discussed this with her and when she became aware of the problems involved in land subdivision she said she did not want to undertake this, but that she would give the land to her children for this purpose. The land was divided into four parts and the parcel containing the residence was retained by the testatrix at the time of her death. The other three parts were conveyed to the several children by three separate conveyances. The first such conveyance was more than three years prior to her death, and the remaining two conveyances are those which are the subject of this dispute.
The statute creates a presumption in favor of the Tax Commission as to all transfers made within three years of death. However, this presumption is rebuttable. The evidence pro *1100 duced by the respondent satisfies the court that these conveyances were not executed in contemplation of death. The testatrix had a life expectancy of several years and the apparent condition of her health gave her no cause to contemplate an early death. She carried on her usual normal physical activities, including the operation of the truck garden. On the day before her death she was found unconscious on the floor of her home, and the cause of her death was a cerebral hemorrhage. The gifts were for purposes associated with life, rather than to dispose of property in contemplation of death. The record would indicate that the gifts were for business reasons and to fulfill her moral obligation to her children who had remained loyal to her and assisted her in the operation of the family farm. It is also to be noted that these gifts were absolute, the testatrix surrendered possession and dominion the moment the gifts were made, and the last such gift was made approximately 18 months prior to her death.
The appeal is therefore denied and the pro forma tax order is affirmed.